James NANCE, Appellant,

v.

CITY OF NEWARK, NEW JERSEY; Newark Police Department; City Council of the City of Newark; James Sharpe; Joseph J. Santiago; Thomas C. O'Reilly; Raymond Golden.

No. 03–4741.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 8, 2005.

Decided Feb. 14, 2005.

Andrew M. Moskowitz, Millburn, NJ, for Appellant.

Phillip R. Dowdell, City of Newark, Newark, NJ, for Appellee.

Before: BARRY, FUENTES and BECKER, Circuit Judges.

OPINION

BECKER, Circuit Judge.

This is an appeal by James Nance from the District Court's grant of summary

judgment against him in his 42 U.S.C. § 1983 claim against the city of Newark and its Police Department, and various other municipal defendants. For the reasons that follow, we affirm. Because the parties are fully familiar with the background facts and procedural history we need not set them forth in detail, and limit our discussion largely to our *ratio decidendi*.

Nance was employed by the city as a special law enforcement officer (SLEO). As the result of an incident occurring on February 27, 1998, at the Kentucky Fried Chicken restaurant where he was assigned, Nance was charged with violation of Police Department rules and regulations pertaining to the firing of warning shots and of keeping a service revolver fully loaded. Administrative proceedings ensued, which were scheduled and rescheduled; Nance maintains that he did not receive proper notice of the proceedings. Nance was suspended for six months and then was not recommissioned as an SLEO. In this § 1983 claim Nance challenges both the suspension and the failure to recommission him.

More specifically, Nance complains that he was deprived of a property interest attendant to his employment as an SLEO when he did not receive proper notice, either that the proceedings might result in suspension or of the suspension itself. He maintains that the failure to recommission him was in retaliation for his advocacy of the rights of minorities in the Newark Police Department. However, we agree with the well-reasoned opinion of the District Court, finding that there were no genuine issues of material fact and granting summary judgment for the defendants. In view of the District Court's comprehensive statement, we set forth our *ratio decidendi* in capsule form.[1]

■ First, with respect to the underpinning of Nance's claim, we agree with the District court that Nance lacked a property interest in his employment, for nothing within the Special Law Enforcement Officers Act, N.J.S.A. 40A:14–146.14(a), supports the commissioning or reappointment of SLEO's upon the expiration of their terms. The statute provides in pertinent part, "Nothing herein shall be construed to require reappointment upon the expiration of the term." *Id.* Nance seeks to evade the plain language of the statute by citing the case of *Santiago v. City of Vineland*, 107 F.Supp.2d 512, 555 (D.N.J.2000), for the proposition that New Jersey law creates a property interest in the position of SLEO. But *Santiago* is distinguishable.

*Santiago* had been re-appointed as an SLEO in January of 1996 for a one-year term; then, in February of 1996 he was fired, allegedly without notice or a hearing. Judge Orlofsky cited to the New Jersey statute creating the SLEO position, which reads: "Special law enforcement officers may be appointed for terms not to exceed one year, and the appointments may be revoked by the local unit for cause after adequate hearing, unless the appointment is for four months or less, in which event the appointment may be revoked without cause or hearing." N.J.S.A. 40A:14–146.14(a). He held that "[c]learly New Jersey law created a property interest in [a] position as a special law enforcement officer." 107 F.Supp.2d at 555. Judge Orlofsky was correct. *Santiago* had a "le-

---

1. Nance contends on appeal that the District Judge should have recused himself in view of his prior employment by the City of Newark. Even if that issue has not been waived for failure to raise it in the District Court (and it doubtless was), the argument is legally frivolous. Judge Walls' employment with the City of Newark ended in 1977, and the notion that at this late date his impartiality can reasonably be questioned is utterly lacking in merit.

gitimate claim of entitlement" to a one-year term as an SLEO, which in turn gave him a property interest to which due process guarantees would attach. Thus, when the police department failed to give him meaningful notice or an opportunity to be heard, there was a colorable due process claim.

Our factual scenario is very different. Nance was admittedly suspended in the midst of his last one-year term as an SLEO. Judge Walls simply went on to explain, correctly, that once Nance's final term had expired, he had no property interest in his *reappointment, see* A17–18, an issue Judge Orlofsky never addressed in *Santiago.* At all events, Nance's claims about lack of notice are baseless for the reasons set forth in Judge Walls' opinion, including the existence of actual notice, Nance's waiver of notice, and his decision not to testify.

■ Second, even assuming that Nance's speech was protected (as the District Court found), and that Nance's speech related to matters of public concern (in contrast to general allegations of internal administrative improprieties within the Police Department, and to personal and disciplinary matters related to Nance's son and other police officers, as respondents contend), the record compels the conclusion that (as the District Court found) Nance was not treated differently from similarly situated individuals who were not commissioned as SLEOs due to alleged misconduct, and that the defendants would have taken the action even in the absence of the allegedly protected activity. As the District Court noted, the circumstances surrounding appellant's suspension and the resulting failure to reappoint him as an SLEO in 1999 had their origins in the February 27, 1998, incident where appellant fired a warning shot and failed to have his weapon fully loaded, which were violations of departmental policies. These factors dispatch the retaliation claim.

The judgment of the District Court will be affirmed.